## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RODNEY HERNANDEZ,**

               **Plaintiff,**              **CIVIL ACTION NO.  08-CV-14037-DT**

    **VS.**                       **DISTRICT JUDGE DENISE PAGE HOOD**

**CINDI CURTIN,**               **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendant.**

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE AND DENYING MISCELLANEOUS MOTIONS

Before the Court is Defendant's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) filed on October 30, 2008.  (Docket no. 3).  Plaintiff has responded to Defendant's motion.  (Docket no. 5).  There are also several pending miscellaneous motions.  All pretrial matters have been referred to the undersigned for decision.[1]  (Docket no. 8).  The Court dispenses with oral argument on these motions pursuant to E.D. Mich. LR 7.1(e).  These matters are therefore ready for decision.

Plaintiff is a Michigan prisoner now incarcerated in the Oaks Correctional Facility in Manistee, Michigan.  (Docket no. 1).  Plaintiff alleges in his Complaint that his due process rights have been violated by his transfer from Kinross Correctional Facility to the Oaks Correctional Facility, a higher custody level prison.  (*Id*. at 14).  Plaintiff also complains that his Casio keyboard should be kept in the prison property room rather than being sent to his home or destroyed.

Defendant moves to have this action transferred to the United States District Court for the

---

[1] A motion to transfer venue is a non-dispositive pretrial matter which a Magistrate Judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A).  *See, e.g., Stevenson v. Corrections Med. Servs.*, 2007 WL 674592 (E.D. Mich. Feb. 28, 2007); *Smith v. Carl Zeiss SMT, Inc*., 2007 WL 686874 (S.D. Miss. Mar. 5, 2007).

Western District of Michigan.  (Docket no. 3).  The named Defendant is the Warden of Oaks Correctional Facility.  Defendant alleges that she resides in the Western District and that Oaks Correctional Facility is located in the Western District.  Plaintiff does not dispute these assertions. (Docket no. 5).  In addition, the only other prison facility involved in Plaintiff's claims is Kinross Correctional Facility.  Defendant alleges that this prison is also located in the Western District. Plaintiff does not dispute this assertion.  (*Id.*).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is in the judicial district where: (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which the plaintiff may bring the action.  28 U.S.C. § 1391(b).

In addition, for the convenience of the parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a).

The factors that guide a district court's decision in deciding whether to transfer venue include: (1) the convenience of the witnesses; (2) the location of relevant documents and relative ease to sources of proof; (3) the convenience of the parties; (4) the location of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based on the totality of the circumstances.  *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000); *Stevenson*, 2007 WL 674592.

2

The moving party, in this case the Defendant, has the burden of showing by a preponderance of the evidence that transfer is warranted. *Amphion, Inc. v. Buckeye Elec. Co.,* 285 F. Supp. 2d 943, 946 (E.D. Mich. 2003).

It is not disputed that the sole Defendant resides in the Western District. This action therefore could have been brought in the Western District, and venue is proper there. *See* 28 U.S.C. § 1391(b). Plaintiff chose to file his action in the Eastern District, however, and the question is now whether venue should be transferred. The witnesses' convenience is one of the major factors to consider in deciding a motion to transfer venue. *Thomas v. Home Depot, U.S.A., Inc.,* 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001). Because the sole Defendant and the Plaintiff reside in the Western District and both prisons where the events occurred are located in the Western District, the first five factors favor transfer. Plaintiff is also located in the Western District. Factors six and seven do not favor either party's position. Plaintiff's choice of forum is usually given substantial deference, however less deference is given when his connection to the forum is weak. *Martin ex rel. Martin v. Toyota Motor Sales, U.S.A., Inc.,* 2007 WL 1071042 (E.D. Mich. Apr. 4, 2007). Plaintiff has not identified any relevant connection to this District.

After considering all of the relevant factors, the Court finds that Defendant has carried her burden of showing by a preponderance of the evidence that transfer of venue in this case to the Western District of Michigan is warranted.

Plaintiff has filed several motions most of which seek an order requiring the prison to hold his Casio keyboard in the prison property room. The Court will deny Plaintiff's pending motions without prejudice to him refiling them in the Western District. Defendant has also filed a Motion

for Protective Order Staying Discovery.  The Court will also deny this motion without prejudice to Defendant refiling it in the Western District.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue (docket no. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that docket numbers 4, 5, 6, 7, 9, 10, and 11 are **DENIED** without prejudice.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).


Dated: January 13, 2009                    s/ Mona K. Majzoub_____
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE



## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Rodney Hernandez Counsel of Record and the Public Service Department on this date.

Dated: January 13, 2009                    s/ Lisa C. Bartlett____
                                           Courtroom Deputy